IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARLOW WILLIAMS,

    Petitioner,

vs.                                            No. 09-2538-STA-tmp

DAVID MILLS,

    Respondent.

ORDER CORRECTING THE DOCKET
ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT
ORDER DENYING RESPONDENT'S MOTION TO DISMISS
ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND
AND
SECOND ORDER FOR RESPONDENT TO FILE RECORD AND TO RESPOND

On August 19, 2009, Petitioner Marlow Williams, Tennessee Department of Correction prisoner number 346265, who is currently an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254, accompanied by a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) The Court issued an order on September 3, 2009, that granted leave to proceed in forma pauperis and directed Respondent to file the state-court record and a response to the petition. (D.E. 3.)

On September 23, 2009, Petitioner filed a motion for summary judgment. (D.E. 8.) On November 23, 2009, Respondent filed

a motion to dismiss and a response in opposition to Petitioner's summary judgment motion. (D.E. 12.) On December 4, 2009, Petitioner filed a response in opposition to the motion to dismiss, which he labeled a "Motion in Opposition of Respondent's Motion to Dismiss Petition of Habeas Corpus" (D.E. 14),[1] and he filed an amended response on January 14, 2010 (D.E. 15).[2] On February 11, 2010, Petitioner filed a motion seeking leave to amend his petition. (D.E. 17.) Respondent has not responded to the motion to amend, and the time for a response has expired.

On June 19, 2003, a grand jury in Shelby County, Tennessee, indicted Williams on six counts of aggravated robbery for his involvement in a robbery of the M&T Market in Memphis on August 16, 2002. On September 24, 2004, Williams, who was incarcerated in Massachusetts, invoked the provisions of the Interstate Compact on Detainers ("ICD"), Tenn. Code Ann. §§ 40-31-101 et seq., to dispose of his charges in Tennessee. On May 3, 2005, Williams informed the trial court that he had filed a motion

---

[1] The Clerk is directed to correct the docket to reflect that this document is not a motion but is, instead, a response to Respondent's motion to dismiss.

The motion to dismiss was mailed to Petitioner on November 23, 2009, and his response should have been filed, within the meaning of Houston v. Lack, 487 U.S. 266 (1987), no later than December 23, 2009. See Local Rule 7.2(a)(2). Petitioner's response, which was signed on December 2, 2009, is untimely. The Court will, in this instance only, consider Petitioner's late-filed response.

[2] Because the time for a response had expired, Petitioner had no right to amend his response without leave of Court. In the interest of expediting this matter, the Court will, in this instance only, consider Petitioner's amended response. Petitioner is directed to familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court. A free copy of the local rules can be obtained by writing to the Clerk of the Court.

to dismiss on the ground that his right to a speedy trial under the ICD had been violated. The trial court held a hearing on the motion to dismiss on June 24, 2005, and, at the conclusion of the hearing, denied the motion. Because of the unavailability of a key witness, the State dismissed four of the six counts prior to trial.

A jury trial commenced on September 6, 2005, at which Williams was convicted of two counts of aggravated robbery. At a sentencing hearing, the trial court sentenced Williams to concurrent terms of imprisonment of ten (10) years on each count but merged the two counts into a single conviction. The Tennessee Court of Criminal Appeals affirmed. State v. Williams, No. W2005-02803-CCA-R3-CD, 2007 WL 2781720 (Tenn. Crim. App. Sept. 25, 2007), perm. app. denied (Tenn. Apr. 7, 2008). On direct appeal, Williams raised the following issues:

1. Whether the trial court improperly denied his motion to dismiss the indictment because his trial was held after the expiration of the 180 days provided for in the ICD;

2. Whether the trial court improperly admitted expert testimony on fingerprints;

3. Whether the evidence was insufficient to support the convictions; and

4. Whether the trial court improperly applied various enhancement factors when sentencing him.

Id. at *1.

In his § 2254 petition, Williams asserted that he filed a petition for postconviction relief with the Shelby County

Criminal Court on January 14, 2009, in which he alleged, <u>inter alia</u>, that his trial counsel rendered ineffective assistance. (D.E. 1 at 3; <u>see</u> D.E. 12-2 at 21-30.) Counsel was appointed to represent Williams, and the petition alleges that counsel was to have filed an amended petition on August 11, 2009. (D.E. 1 at 3.) At the time he filed the instant § 2254 petition, no hearing had been scheduled on Williams' state postconviction petition. (<u>Id.</u>)

In the instant petition, Williams raises the following issues:

1. Whether the trial court erred in not dismissing the indictment for violation of the ICD;

2. Whether the trial court erred in its use of enhancing factors in sentencing Petitioner;

3. Whether the Tennessee Court of Criminal Appeals erred in assigning continuances to the fault of Petitioner and, therefore, tolling days to the 180-day limit over the expressed <u>ex parte</u> objection of Petitioner; and

4. Whether trial counsel rendered ineffective assistance.

(D.E. 1 at 5-7, 16-17.)

On September 23, 2009, Respondent filed a motion for summary judgment on his first and third claims. (D.E. 8.) Because the state-court record has not yet been filed, Petitioner's motion is DENIED without prejudice to its renewal after production of the record.

In his motion to dismiss, filed on November 23, 2009, Respondent argues that the petition should be dismissed without

4

prejudice because it contains an unexhausted claim of ineffective assistance of counsel. (D.E. 12-1 at 2.) Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

    (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

        (A)  the applicant has exhausted the remedies available in the courts of the State;  or

        (B)  (i)  there is an absence of available State corrective process;  or

            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. E.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982). At the time he filed this petition, Williams had not exhausted his ineffective assistance claim, which was pending in the Shelby County Criminal Court.

      The Supreme Court has held that a mixed petition containing both exhausted and unexhausted claims must be dismissed without prejudice to afford the state courts the opportunity to address the unexhausted claims. See Rose v. Lundy, 455 U.S. at 518-19. Alternatively, the petitioner may choose to amend his petition

to assert only the exhausted claims. Id. at 500. In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court reaffirmed its previous holding in Rose but stated that, in light of the one-year limitations period contained in 28 U.S.C. § 2244(d)(1), that did not exist when the decision in Rose was issued, district courts have discretion, under "limited circumstances," to hold habeas petitions in abeyance while a petitioner is presenting his claims to the state courts.

In his original response to the motion to dismiss, filed on December 4, 2009, Petitioner asked that the motion be denied and requested an evidentiary hearing. (D.E. 14.) Petitioner did not explain why the motion to dismiss should be denied, and he did not identify any issue that requires an evidentiary hearing.

In his amended response, filed on January 14, 2010, Petitioner asserts that the only issue raised in his postconviction petition is ineffective assistance of counsel, and he is "more than willing to withdraw his ground for ineffective assistance of counsel, and ask the Court to rule only on grounds 1 through 3." (D.E. 15 at 1.) Petitioner states that he "filed this petition because he has no reason to believe that the petition for post-conviction will be granted and therefore feels that waiting for the state court to deny the petition is a waste of time." (Id. at 2.) On February 11, 2010, Petitioner filed a motion for leave to amend

6

his petition to withdraw the unexhausted claim of ineffective assistance of counsel. (D.E. 17.)

Under Rose v. Lundy, 455 U.S. at 500, a prisoner who files a mixed petition has the option of amending his petition to assert only the exhausted claims. Because Williams has opted to withdraw his unexhausted claim, his motion for leave to amend is GRANTED. The petition, as amended, contains no unexhausted claims and, therefore, Respondent's motion to dismiss is DENIED. Petitioner is CAUTIONED that, under 28 U.S.C. § 2244(b), a prisoner can file a second or successive § 2254 petition only under limited circumstances and only after obtaining permission from the Sixth Circuit Court of Appeals. Therefore, if Petitioner does not obtain relief on the instant amended petition and judgment is entered before the conclusion of the state-court review of the postconviction petition, Petitioner may not file a new § 2254 petition without leave of the Court of Appeals.[3]

It is ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, that Respondent file a response to the petition within twenty-three (23) days. The response shall include the complete trial and appellate

---

[3] If the state-court review of the postconviction petition concludes while this petition is pending, Petitioner can file a motion for leave to amend his petition to assert the newly exhausted claim.

record of Petitioner's original case and any subsequent state petitions for collateral relief.

       IT IS SO ORDERED this 16th day of July, 2010.

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE